UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERWIN SUCCESS #416867,

    Plaintiff,                                    Hon. Paul L. Maloney

v.                                                 Case No. 1:21-cv-254

MATTHEW MACAULEY, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before me on Defendants Otterbein and Johnson's Motion for Summary Judgment on the Basis of Exhaustion filed on July 25, 2022. (ECF No. 24.) Although I have twice extended the deadline to respond—first to September 16, 2022, and then to September 26, 2022 (ECF Nos. 28 and 34)—Plaintiff has failed to file a timely response. Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Defendants' motion be **GRANTED**.

Plaintiff, a prisoner currently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility, sued numerous MDOC employees pursuant to 42 U.S.C. § 1983 alleging claims based on events that occurred between January 5, 2017, and October 1, 2019, at Bellamy Creek Correctional Facility (IBC) while Plaintiff was housed there. Following initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), Plaintiff's remaining claims in this case are that Defendants Chaplain Otterbein and Acting Prison Counselor Johnson violated his rights under the First Amendment by, on or before February 28, 2018, engaging in harassing behavior designed to interfere with Plaintiff's ability to preach to other prisoners, in accordance with his religious beliefs. Such alleged conduct included removing

Plaintiff as the religious representative for protestant services, telling prisoners in protestant services that Plaintiff "would either lead them off a cliff or into a ditch," telling Christian Science prisoners not to recruit protestant prisoners to their services, and cancelling Christian Science services for lack of membership. (ECF No. 9 at PageID.55–57, 77, 89.)

Defendants move for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)). In addition, because failure to exhaust is an affirmative defense upon which Defendant bears the burden of proof, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), the Court must ensure that "no reasonable trier of fact could find other than for [Defendant]." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

The Supreme Court has held that a prisoner properly exhausts a claim for purposes of 42 U.S.C. § 1997e(a) by complying with the prison's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Jones*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones*, 549 U.S. at 218. A prisoner incarcerated with the MDOC must "pursue a grievance through all three steps of the grievance process [set forth in MDOC Policy Directive 03.02.130]." *Weatherspoon v. Strahan*, No. 18-2210, 2019 WL 5306842, at *1 (6th Cir. June 4, 2019).

In support of their motion, Defendants attach a Step III Grievance Report showing grievances that Plaintiff exhausted through Step III during the relevant time period based on events

2

at IBC. (ECF No. 25-3.) Defendants note that the Step III report shows that Plaintiff did not file any grievances through Step III for the relevant period of January 5, 2017, to February 28, 2018. In fact, the report shows that Plaintiff filed Step III grievances at IBC only between March 5, 2019, and October 15, 2019. (*Id.* at PageID.155–57.) None of these grievances mentions Defendant Otterbein. While some of the grievances mention Defendant Johnson, none of the grievances pertains to alleged interference with Plaintiff's free exercise of his religious beliefs or with events that occurred prior to February 28, 2018. (*Id.* (IBC-19-10-2286-28E (transfer to a different facility); IBC-19-05-1187-11H (retaliation during a grievance interview); IBC-19-06-1284-28e (Dr. Sices deliberately indifferent to Plaintiff's serious medical need); IBC-19-05-1228-28e (HM Langdon deliberately indifferent to Plaintiff's medical care); IBC-19-05-1095-17Z (intentional denial of access to medical care); IBC-19-05-1070-17E (RUM B. Hadden retaliated during a grievance interview); IBC-19-05-1025-28E (HUM Langdon failed to provide requested medical detail and special accommodation notice); IBC-19-04-0977-17Z (Defendant Johnson told other prisoners about a letter Plaintiff had sent her); IBC-19-04-0961-17Z (Defendant Johnson injured Plaintiff when closing his cell door); IBC-19-04-0984-28E (Defendant Johnson failed to complete an injury report); and IBC-19-03-0582-1G (Defendant Johnson improperly presided over a hearing))().)

Accordingly, Defendants have met their burden of demonstrating that Plaintiff failed to exhaust his administrative remedies with regard to the claims at issue.

## CONCLUSION

For the foregoing reasons, I recommend that Defendants' motion for summary judgment (ECF No. 24) be granted, that Plaintiff's claims against Defendants be **dismissed without prejudice**, and that this matter be closed.

Dated: October 18, 2022                                 /s/ Sally J. Berens
                                                                     SALLY J. BERENS
                                                                     U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).