UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERWIN SUCCESS #416867,            )
         Plaintiff,            )
                     )   No. 1:21-cv-254
v.                          )
                     )   Honorable Paul L. Maloney
MATTHEW MACAULEY, *et al.*,            )
         Defendants.            )
                     )

## ORDER ADOPTING REPORT & RECOMMENDATION

      This matter was referred to the Honorable Sally Berens, United States Magistrate Judge, who issued a Report & Recommendation (R&R) on October 18, 2022 (ECF No. 41). The R&R recommends that this Court grant Defendants Kayla Johnson and Unknown Otterbein's (collectively, "Defendants") motion for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. The parties were given fourteen days to file written objections to the proposed findings and recommendations per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Plaintiff filed one objection to the R&R (ECF No. 42). Because Plaintiff has failed to raise a genuine dispute of material fact as to whether he exhausted his administrative remedies, the Court will overrule Plaintiff's objection and adopt the R&R.

      After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

"[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

Plaintiff filed one objection, and this Court conducted a de novo review. On review of the record, the R&R is adopted over Plaintiff's objection.

A summarization of some background information is relevant before adjudicating Plaintiff's objection. Defendants filed a motion for summary judgment on the basis of exhaustion on July 25, 2022 (ECF No. 24). Before Plaintiff's time to respond to the motion expired, he moved for an extension of time so that he could gather evidence, witness statements, affidavits, and declarations (ECF No. 27). Despite the fact that Defendants' motion for summary judgment was premised on the narrow issue of whether Plaintiff had exhausted his administrative remedies before filing this lawsuit, Judge Berens granted Plaintiff an extension of time to respond to the motion by September 16, 2022 (ECF No. 28). On September 19, 2022, Plaintiff again moved for an extension of time (ECF No. 33), and Judge Berens granted the motion, giving Plaintiff until October 12, 2022, to respond to the motion for summary judgment (ECF No. 34). Once again, on September 26, 2022, Plaintiff moved for another extension of time "until Plaintiff ha[d] ascertained necessary information" to respond to the motion for summary judgment, or in the alternative, a stay of the time for responding to the motion (ECF No. 35 at PageID.250). This time, Judge Berens denied the motion, reasoning that:

> As noted in the August 12, 2022 Order (ECF No. 28), Defendants' motion is limited to the issue of exhaustion. The declarations Plaintiff has filed thus far (ECF Nos. 31-1 and 35-1) pertain to the merits of Plaintiff's claim, not exhaustion. Moreover, nothing in the docket report suggests that Plaintiff has, to date, served discovery requests or subpoenas on Defendants or the Michigan Department of Corrections seeking exhaustion-related materials. As the Court observed in its August 12, 2022 Order, Plaintiff should have personal knowledge of his exhaustion efforts and could respond with his own affidavit or declaration and any related grievance documents he may possess. (ECF No. 28 at PageID.222.)
>
> In short, Plaintiff has failed to show good cause for an additional extension of time or for an indefinite stay of the time for responding to Defendants' motion.

(ECF No. 36 at PageID.257-58). Plaintiff never responded to the motion for summary judgment. Almost three weeks after Judge Berens denied Plaintiff's third motion for an extension of time, she issued the R&R, which recommends that this Court grant Defendants' motion for summary judgment because they had met their burden in demonstrating that Plaintiff had failed to exhaust his administrative remedies, and Plaintiff failed to raise a genuine dispute of material fact showing otherwise (*see* ECF No. 41).

Plaintiff's objection to the R&R does not dispute the findings in the R&R. Rather, he takes issue with the fact that Judge Berens denied his third motion for an extension of time. His time for objecting to the order denying his motion for an extension of time has long passed. *See* Fed. R. Civ. P. 72(a). At this stage in the litigation, to meet his burden in regard to Defendants' motion for summary judgment, Plaintiff needed to raise a genuine dispute of material fact with respect to the question of exhaustion. His objection fails to do so. Plaintiff discusses the difficulty in "obtain[ing] key witnesses and vital evidence" (ECF No. 42 at PageID.271), but as Judge Berens observed, such "evidence" is relevant to the merits of his claims, not the exhaustion issue. In fact, Plaintiff fails to even make a single assertion that he

3

did indeed exhaust his administrative remedies before commencing this lawsuit. As such, Plaintiff has failed to raise a genuine issue of material fact as to the issue of exhaustion.

Given that there are no errors in the Magistrate Judge's analysis and Plaintiff has failed to raise a genuine dispute of material fact, the Court will grant Defendants' motion for summary judgment. Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 41) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 24) is **GRANTED**.

Judgment to follow.

**IT IS SO ORDERED.**

Date: November 29, 2022              /s/ Paul L. Maloney
                                      Paul L. Maloney
                                      United States District Judge